T.C. Memo. 1996-296

UNITED STATES TAX COURT

TERRY R. HARDTKE AND NANCY HARDTKE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13669-92.[1]                    Filed June 26, 1996.

Terry R. Hardtke, pro se.

<u>Allan D. Hill</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-

_____

[1]  The proceedings herein were automatically stayed after the trial herein when petitioners filed a petition for bankruptcy with the U.S. Bankruptcy Court for the Northern District of California on Sept. 30, 1993.  On Oct. 18, 1995, after petitioners' bankruptcy proceeding was discharged, the Court lifted the automatic stay and ordered the parties to file simultaneous opening briefs by Dec. 18, 1995, and simultaneous answering briefs by Jan. 12, 1996.  Petitioners did not file an opening brief.  On Jan. 17, 1996, petitioners submitted a document that the Court had filed as their answering brief.  On Jan. 18, 1996, the Court ordered that petitioners were not allowed to file any additional briefs in this case and that respondent was allowed to file a reply to petitioners' answering brief, which she did on Feb. 16, 1996.

ciency in, and additions to, petitioners' Federal income tax:

| Year | Deficiency | Section 6653(a)(1)(A)[2] | Section 6653(a)(1)(B) | Section 6661(a) |
|------|-----------|------------------------|----------------------|-----------------|
| 1987 | $13,912.00 | $695.60 | * | $3,478.00 |

* 50 percent of the interest due on the portion of the underpayment due to negligence. Respondent determined that the entire underpayment was attributable to negligence.

The issues for decision are:

(1) Did petitioners have unreported income for 1987 attributable to services provided by petitioner Terry R. Hardtke (Mr. Hardtke) to T.R. Hardtke Insurance Agency, Inc. (Agency)? We hold that they did.

(2) Are petitioners liable for self-employment tax for 1987? We hold that they are.

(3) Are petitioners liable for 1987 for the additions to tax for negligence under section 6653(a)? We hold that they are.

(4) Are petitioners liable for 1987 for the addition to tax for a substantial understatement of income tax under section 6661(a)? We hold that they are.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners resided in New Almaden, California, at the time the petition was filed.

During 1987, Agency was a California corporation that

---

[2] All section references are to the Internal Revenue Code in effect for 1987. All Rule references are to the Tax Court Rules of Practice and Procedure.

operated a general agency specializing in brokering small group medical insurance plans. Throughout 1987, Mr. Hardtke owned 75 percent of the common stock of Agency, and Stuart Michell (Mr. Michell) owned the remaining 25 percent of the common stock of Agency. During 1987, Mr. Hardtke, who already was serving as Agency's chief executive officer (CEO), was elected its president during a special meeting of its board of directors (board of directors) held on March 3, 1987 (March 3, 1987 Agency board meeting).

During 1987, Dinan, Inc. (Dinan) was a California corporation that specialized in pension administration and in the production and marketing of computer software that compared the costs and benefits of various group medical plans. Mr. Hardtke, who served as CEO of Dinan during 1987, owned 42 percent of the common stock of Dinan throughout that year until December 8, 1987, when he purchased an additional 33 percent of that stock from Russell M. Meusy (Mr. Meusy), thereby increasing his common stock ownership of Dinan to 75 percent. In addition to that common stock ownership of Mr. Hardtke and Mr. Meusy, during 1987, Mr. Hardtke's mother owned three percent, Mr. Michell owned 15 percent, and an unidentified individual owned seven percent of Dinan's common stock.

The minutes of the March 3, 1987 Agency board meeting provided in pertinent part:

Compensation will be earned by Mr. Hardtke and Mr.

Michell and shall be paid directly to Dinan, Inc. as follows:

> $7,000.00 each month is payable to Dinan, Inc. as a consulting fee for the services of Mr. Hardtke and Mr. Michell.  It will be accounted as $4,000 for Mr. Hardtke and $3,000 for Mr. Michell.

The only persons present at the March 3, 1987 Agency board meeting were Mr. Hardtke, Mr. Michell, and petitioner Nancy Hardtke (Ms. Hardtke).

Agency's books of account for the period February 28, 1987, through February 28, 1988, show entries reflecting that Agency paid a total of $74,000 to Dinan as "consulting fees".[3]  Its books of account for the period January 1, 1987, through December 31, 1987, do not contain any entries showing that compensation was paid to Mr. Hardtke during 1987.

The books and records of Dinan for the period January 1, 1987, through December 31, 1987, do not contain any entries showing that compensation was paid to Mr. Hardtke during 1987.[4]

Mr. Hardtke received the following compensation from Agency and Dinan for the years 1986 and 1988:

| Year | Agency | Dinan |
|------|--------|--------|
| 1986 | $3,000 | $56,500 |
| 1988 | 65,600 | 38,535 |

---

[3]  It is not clear from the record whether all of those payments were made during 1987.

[4]  Although during all relevant times Dinan used a fiscal year that ended on the last day of February, the parties stipulated to Dinan's books and records for the period Jan. 1, 1987, through Dec. 31, 1987, when agreeing that those books and records do not show any compensation paid to Mr. Hardtke during that year.

OPINION

Petitioners bear the burden of proving that respondent's determinations in the notice of deficiency are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Unreported Income

Respondent determined that Mr. Hardtke had $44,000 of unreported compensation income from Agency during 1987.  Although Agency made no payments to Mr. Hardtke during that year, respondent argues that the amounts that Agency paid to Dinan during 1987 with respect to services provided by Mr. Hardtke were income earned by Mr. Hardtke that is includible in petitioners' income for that year.  Petitioners argue that during 1987 Mr. Hardtke provided services to Agency as an employee of Dinan pursuant to a consulting agreement between Agency and Dinan and that he did not provide services to Agency in any other capacity.

It is well established that income must be taxed to the actual earner of that income.  Lucas v. Earl, 281 U.S. 111 (1930).  "In the corporate context, however, the actual earner test may be inadequate because a corporation can earn income only through the personal services of its employees and agents."  Haag v. Commissioner, 88 T.C. 604, 611 (1987), affd. without published opinion 855 F.2d 855 (8th Cir. 1988).  "In numerous instances, a corporation is hired solely in order to obtain the services of a specific corporate employee."  Johnson v. Commissioner, 78 T.C. 882, 891 (1982), affd. without published opinion 734 F.2d 20 (9th

Cir. 1984). As a result, this Court applies a two-prong test to determine whether a corporation or its employee is the actual earner of the income in question:

> First, the service-performer employee must be just that--an employee of the corporation whom the corporation has the right to direct or control in some meaningful sense. Second, there must exist between the corporation and the person or entity using the services a contract or similar indicium recognizing the corporation's controlling position. [Id.; citations omitted.]

With respect to the first prong of the foregoing test, although Mr. Hardtke was an employee of Dinan during 1987, he also was an employee of Agency during that year. Thus, not only Dinan, but also Agency, had the right to control or direct Mr. Hardtke in some meaningful sense as its employee.

With respect to the second prong of the test set forth in the Johnson case, we find that petitioners failed to prove that a contract existed between Dinan and Agency during 1987 under which Dinan was to provide its services to Agency through its employee, Mr. Hardtke. Except possibly for the minutes of the March 3, 1987 Agency board meeting, the only evidence of the existence of such an agreement between Dinan and Agency is the self-serving testimony of Mr. Hardtke on which we are unwilling to rely.

With respect to the March 3, 1987 Agency board minutes, they provide in pertinent part:

> Compensation will be earned by Mr. Hardtke and Mr. Michell and shall be paid directly to Dinan, Inc. as follows:
>
>> $7,000.00 each month is payable to Dinan, Inc. as a consulting fee for the services of Mr. Hardtke

and Mr. Michell.  It will be accounted as $4,000
for Mr. Hardtke and $3,000 for Mr. Michell.

The first clause of the March 3, 1987 Agency board minutes quoted above unequivocally provides that Mr. Hardtke was to earn compensation and that that compensation was to be paid by Agency to Dinan.  Although those minutes further provide that Agency was to pay Dinan for Mr. Hardtke's services, they do not establish that a contractual relationship existed during 1987 for Dinan to provide its services to Agency through its employee, Mr. Hardtke.

Even assuming arguendo that we were to read the second clause of the March 3, 1987 Agency board minutes quoted above as providing that Dinan was to earn compensation for rendering its services to Agency through its employee, Mr. Hardtke, --a reading that we find to be quite strained--we would be left in equipoise as to the intended meaning of those minutes.  This is because, on the one hand, they provide that Mr. Hardtke was to earn compensation and that that compensation was to be paid to Dinan, and, on the other hand, under that assumed reading, they provide inconsistently that Dinan was to earn compensation for rendering its services to Agency through its employee, Mr. Hardtke.  Consequently, petitioners would have failed to establish that Dinan, and not Mr. Hardtke, was to earn the compensation in question.

Based on the entire record before us, we find that petitioners failed to prove that Mr. Hardtke did not earn the income that Agency paid to Dinan with respect to Mr. Hardtke's services to

Agency during 1987.  We therefore sustain respondent's determination on that issue.[5]

Self-Employment Tax

Respondent determined that petitioners are liable for self-employment tax of $5,387 for 1987.  In order to refute that determination, petitioners rely on the evidence they presented and the argument they make with respect to whether Mr. Hardtke had compensation income from Agency for 1987.  We have found that petitioners failed to satisfy their burden of proof on the compensation issue.  Consequently, they have failed to meet their burden of proving error in respondent's determination regarding petitioners' liability for self-employment tax for 1987.  See Rule 142(a); Welch v. Helvering, 290 U.S. at 115.  Accordingly, we sustain that determination.

Additions to Tax

Respondent determined that petitioners are liable for 1987 for the additions to tax for negligence under section

---

[5]  Although respondent argues that certain amounts that Mr. Hardtke received during 1987 from Dinan that were characterized on the books and records of Dinan as "Loan Payable-Officers" actually represented, at least in part, indirect payments of compensation from Agency and petitioners argue that those amounts were in fact repayments of loans, and not compensation, we need not decide that dispute.  This is because resolution of that dispute is not necessary to our conclusions herein.  All that is necessary is whether the compensation that Agency paid during 1987 to Dinan for services performed by Mr. Hardtke was earned by Mr. Hardtke, rather than by Dinan, under the two-prong test enunciated in Johnson v. Commissioner, 78 T.C. 882, 891 (1982), affd. without published opinion 734 F.2d 20 (9th Cir. 1984).

6653(a)(1)(A) and (B) and the addition to tax for a substantial understatement of income tax under section 6661(a).  Petitioners presented no evidence and make no argument regarding the additions to tax under section 6653(a)(1)(A) and (B) and section 6661(a) for 1987.  Consequently, petitioners have failed to satisfy their burden of proof on those issues.  See Rule 142(a); Niedringhaus v. Commissioner, 99 T.C. 202, 220-222 (1992); Crown Income Charitable Fund v. Commissioner, 98 T.C. 327, 339 (1992), affd. 8 F.3d 571 (7th Cir. 1993).  Accordingly, we sustain respondent's determinations that petitioners are liable for 1987 for the additions to tax under section 6653(a)(1)(A) and (B) and section 6661(a).

To reflect the foregoing,

Decision will be entered

for respondent.